Matthias, J.
The plaintiffs as trustees under the will of Mike Bouzon seek an order of the court requiring the defendant who is the owner of the five-story business property in question to perform his contract to execute a lease to them on such property for a period of five years. Before a decree may be properly entered requiring the execution of the lease by the defendant it must clearly appear that the plaintiffs have the right to such relief and are entitled to have the conveyance of the premises for such term, and also that they themselves are duly authorized to enter into such contract with the defendant.
The plaintiffs bring this action as trustees under the will of Mike Bouzon, who died April 26, 1919. He was then the owner of a lease, which included not only the first floor store-room and basement at No. 21 North High street in the city of Columbus, but, also, excepting therefrom certain rooms designated in the lease, the second, third, fourth and fifth floors over the rooms at Numbers 19, 21 and 23 North High street. The first floor store-room and basement had for some time been used for the operation of a moving picture theater conducted and managed by Bouzon. The lease was for a term of ten years, which expired August 31, 1921.
The claimed right of the plaintiffs to a lease for the further period of five years is based upon a provision in the original lease wherein it was agreed *416 that the lessee should have the right to re-lease the rooms for a further period of five years beginning on the first day of September, 1921, upon the same terms and conditions as in the original lease, except that the rental therefor should be $8,000 per year, or $666.67 instead of $658.34 per month, and the further provision therein contained that all the conditions, stipulations, provisions and covenants of the lease should bind not only the parties thereto but also their heirs, executors, administrators, successor and assigns. The right of the plaintiffs to demand and receive a. lease on the premises for a further term of five years, as well as the authority upon their part to execute the same, are claimed to arise from the provisions of the lease just cited and the provisions of the will of Mike Bouzon, deceased. It is urged that such right and power are to be found in Item 23 of the will, which is set out in full in the foregoing statement. It is conceded that no disposition of such lease was made by the testator except as shown by the provisions of Items 22 and 23 of the will, and it is also conceded, as of course it must be, that the authority of the plaintiffs is derived from the will, and that they have no power other than that thus conferred.
The testator by Item 22 of his will authorized his executor to sell the Dreamland theater, and further provided in Item 23 of his will that “In the event there is any legal impediment in the lease or otherwise, which will prevent a sale of said moving picture theater under the foregoing item of this will, then it is my will, and I hereby direct that said moving picture business and said ‘Dreamland Theater’ shall be conducted during the life of the lease on *417 said building by my cousin and faithful friend, William Petrakis, and John A, Connor,” etc. It is apparent tbat tbe testator had anticipated a refusal by tbe lessor to give bis consent to tbe subleasing of the first floor and basement of tbe premises.
It should be observed here that the Dreamland theater occupied a comparatively small portion of the premises covered by the ten-year lease. That lease being a chattel, in the absence of any specific provision of the will to the contrary, passed to the executor. That was determined in this state in the case of Becker v. Walworth, 45 Ohio St., 169, where it was held that “A lease for years, being a chattel interest, passes, at tbe death of the lessee, to tbe personal representative, who becomes, by virtue of bis office, assignee of the term.” Indeed, the petition in this case avers that subsequent to the death of Bouzon, and after tbe appointment of the executor, tbe executor paid tbe monthly rentals under tbe lease and complied with tbe terms and conditions thereof. Presumably, in tbe discharge of the manifest duties of his office be also collected tbe rentals from tbe subtenants who occupied other portions of tbe leased premises. He was tbe assignee of tbe lease for tbe term.
In defining the duties and powers of the plaintiffs the testator makes no reference whatever to the lease in question, and we look in vain for any word in bis will authorizing them to execute a lease binding upon the testator’s estate. He merely delegates to them authority to conduct the moving picture business and tbe Dreamland theater “during the Ufe of the lease on said building.” Not only is there no further or additional authority conferred, but no *418 where in the will is there any language which can bo tortured or twisted, into a suggestion of the testator that the plaintiffs shall exercise the option to require the execution of a new lease for the additional term of five years, which would have been his under the terms of the original lease had he survived. At the time of the execution of his will, which was about six months prior to his death, the matter of a new lease was somewhat in the future, and there is not a word in the will anywhere to indicate that such event was then under consideration by the testator. These plaintiffs are given no authority over or delegated any duties in connection with any portion of the property included in the ie¿ise except the room which is designated as the “Dreamland Theater,” and as to it authority merely to conduct the moving picture business there located during the life of the lease, the net profits wherefrom are to be divided among the persons designated in the will. The question propounded as to what right these plaintiffs take under the will in any portion of the leased premises, and particularly what authority is conferred upon them by the will over any portion of the leased premises other than the Dreamland theater, or whence is derived their power to execute a lease binding on the estate of Bouzon to the payment of rentals aggregating $40,000, remains unanswered.
The rule is quite generally established that the representative of a decedent may not carry on the decedent’s business after his death unless such authority is expressly granted, and in the absence of clear and express authority an executor may not use the personal assets of his testator to carry on the former trade or business of such testator, and such gen *419 eral assets are not liable for money borrowed or indebtedness incurred by the executor in carrying on such trade or business, though the executor may have acted in good faith. Lucht, Admr., v. Behrens, 28 Ohio St., 231, and 18 Cyc., 241.
It is the rule, also, sustained by the great weight of authority, that the general assets of an estate will be subject to the payment of debts contracted by the legal representative while carrying on the business of the testator pursuant to a testamentary direction only where the will shows clearly that it was the intention of the testator that his general assets should be bound therefor.
The action of the probate court appointing the plaintiffs as trustees and directing them to conduct and operate the theater pursuant to the application of the executor cannot have any effect whatever in the determination of the rights and powers of the plaintiffs. Those rights and powers are derived entirely and solely from the provisions of Item 23 of Bouzon’s will, and are measured and limited by the terms of that instrument. (Atkinson v. Beckett, 34 W. Va., 584.) While equity implies such powers in favor of a trustee as are reasonably necessary to the discharge of the duties assigned him by the instrument creating the trust, it is equally well settled that when the powers and duties of a testamentary trustee are defined and limited by clear and express language of the will, and he is there authorized to do only a particular thing, he has no power as to any other matters connected with the estate of the testator. “In trusts of a more particular and active hind, the general power of the trustee is limited to the exact performance of the duty imposed *420 upon Mm. The duty and power given in such trusts must be strictly performed.” (2 Perry on Trusts [6 ed.], Section 475.) That is the situation presented in this case. The language used by the testator as to the authority of the trustees and the extent thereof is clear, and it is not such as to warrant any implication whatever of authority to execute a new lease binding upon the estate of Bouzon or do aught beyond the term of the existing ten-year lease. The testator expressly limited the right, power and duties of these trustees to the operation of the theater during the term of the lease, and he conferred upon them no rights, powers or duties with reference to the lease itself which he held on the premises, only a small portion of which was occupied by the moving picture theater. He did not even give them authority to control or make disposition of the equipment of the theater at the expiration of the lease.
The ten-year lease contained the following provision : ‘ ‘ Said Lessees, without the written consent of the Lessor first endorsed hereon, shall never sublet, underlet or release any part of the first floor or basement of the premises herein included, or assign this lease.” During his life the lessee could not have assigned the lease as a whole, or sublet the portion occupied as a moving picture theater, without first having the written consent of the lessor; no more could he do so by will, and surely these trustees under the very limited power conferred by the lessee’s will could not acquire all the rights and benefits of an assignee of the lease in the absence of such consent of the lessor.
It is further urged that the defendant was estopped by reason of his acts and conduct to refuse to exe *421 cute the lease, and particularly estopped to deny the authority of the plaintiffs as trustees. This action was brought January 6, 1921. The original lease did not expire until August 31, 1921. Clearly the acceptance of rents, during the term of the ten-year lease, which the lessor did not question, would not estop him from denying the claim of the trustees that they had a right to demand and authority to execute a new lease for a further term of five years upon property in a small portion of which they were operating a. moving picture theater, under delegated power, and over most of which no authority or right of possession or control was conferred upon or held by them. No action of the lessor, or failure to act, could serve to transfer to the plaintiffs title to the property of the testator. Furthermore, it does not appear that by the delay of the defendant to peremptorily refuse to execute such lease the plaintiffs were induced to change their situation to their detriment, or that their rights were in any wise thereby prejudiced.
For the reasons assigned the judgment of the court of appeals is reversed, and judgment is rendered for plaintiff in error.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.